# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Theresa Solarczyk<br>552 Muskegon Ave.<br>Calumet City, IL 60409<br><br>    Plaintiff,<br><br>v.<br><br>Credit Control, LLC<br>c/o CT Corporation System, Registered Agent<br>208 S LaSalle St<br>Chicago, IL 60604<br><br>    Defendant. | FILED: JANUARY 28, 2009<br>Case No.:  09CV550<br>    JUDGE ANDERSEN<br>    MAGISTRATE JUDGE BROWN<br>Judge:  BR<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around August 10, 2008, Defendant telephoned Plaintiff.

8. During this communication, Defendant threatened to take Plaintiff to court and place a lien on Plaintiff's house if Plaintiff did not refinance Plaintiff's house to pay the balance of the debt.

9. During this communication, Defendant transferred Plaintiff to a loan company to discuss Plaintiff's refinancing options.

10. At the time of the communication referenced above, Defendant had neither the intent nor ability to either sue Plaintiff or place a lien on Plaintiff's property.

11. On or around August 10, 2008, Defendant telephoned Plaintiff.

12. During this communication, Defendant misrepresented that Plaintiff had been approved for the loan and demanded that Plaintiff provide Defendant with Plaintiff's bank account information as a sign of good faith, so that Defendant could debit funds from Plaintiff's account once Plaintiff received the loan.

13. During this communication, Defendant misrepresented that Defendant would not debit funds until Plaintiff received the loan.

14. During this communication, Plaintiff provided Defendant with Plaintiff's bank account number under the belief that Defendant would debit funds from Plaintiff's account as payment once Plaintiff received the loan proceeds.

15. On or around August 14, 2008, the loan company referenced above informed Plaintiff that she had no been approved for the loan.

16. On or around August 15, 2008, August 16, 2008, and August 17, 2008, Plaintiff telephoned Defendant to inform Defendant that the loan had not been approved.

17. During these communications, Plaintiff was not successful in reaching an agent, but left a message in Defendant's voicemail each time informing Defendant that the loan application

had not been approved and Plaintiff would not have the money for Defendant to draft from Plaintiff's bank account.

18. Despite receipt of Plaintiff's messages, Defendant attempted to withdraw four thousand dollars from Plaintiff's bank account on August 25, 2008.

19. Plaintiff did not have sufficient funds in Plaintiff's bank account and Plaintiff's bank rejected the payment, causing Plaintiff to incur fees.

20. Prior to August 25, 2008, Defendant did not provide Plaintiff with any written notice of intent to process a post-dated payment instrument.

21. In or around the first week of September 2008, Defendant telephoned Plaintiff.

22. During this communication, Defendant threatened to take Plaintiff to court for writing bad checks.

23. During this communication, Defendant misrepresented that Plaintiff had committed check fraud and could face jail time for passing bad checks across state lines.

24. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

25. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff